# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**EMMITT HILLS**                                              **CIVIL ACTION**

**VERSUS**

**BURL CAIN**                                                  **NO. 11-0490-JJB-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 5, 2012.

                                                  **MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**EMMITT HILLS**                                                                 **CIVIL ACTION**

**VERSUS**

**BURL CAIN**                                                                    **NO. 11-0490-JJB-DLD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State of Louisiana has filed an Answer and Response, and has supplemented its Response in compliance with the Orders of this Court. The petitioner has filed Replies to the State's Response and Supplemental Responses.

The petitioner, Emmitt Hills, challenges his life sentence, entered in 1972 on one count of aggravated rape in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The petitioner asserts that, pursuant to the recent decision of the United States Supreme Court in Graham v. Florida, ___ U.S. ___, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), his life sentence, without the possibility of parole, is unconstitutional as being violative of the Eighth Amendment's prohibition against cruel and unusual punishment.

From a review of the state court record, it appears that the petitioner, who was sixteen (16) at the time of the charged offense, was sentenced in June, 1972, to serve a sentence of life imprisonment, without the benefit of parole, probation or suspension of sentence, on a charge of aggravated rape. He appealed the conviction and sentence, asserting claims not pertinent to this proceeding, and he thereafter pursued several post-conviction motions which are likewise not pertinent to this proceeding. In May, 2010, however, the United States Supreme Court decided the case of Graham v. Florida, supra, and held that the Eighth Amendment to the United States Constitution is violated if a person under the age of 18 is sentenced to a term of life imprisonment -- without any possibility of release on parole -- for an offense that did not result in the death of another

human being. Id. Specifically, the Court held that "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." Id. While "[a] state need not guarantee the offender eventual release, ... it must provide him or her with some realistic opportunity to obtain release before the end of that term." Id. While the Graham decision does not foreclose the possibility that a youthful offender will spend the remainder of his natural life behind bars for the offense committed, it holds that the offender must be afforded some opportunity to show "maturity and rehabilitation", i.e., to "demonstrate that the bad acts he committed as a teenager are not representative of his true character." Id.[1]

Based on the Graham decision, the petitioner filed a Motion to Correct Illegal Sentence in the state trial court on September 14, 2010, asserting that his life sentence is unconstitutional and that he should be re-sentenced to a term of years. In reliance upon an interpretation of state law precedent, see Craig v. State, 340 So.2d 191 (La. 1976), he argued that he should be re-sentenced to the most serious penalty for the next lesser-included offense, which he contended was twenty (20) years in confinement at hard labor for the offense of attempted aggravated rape. Also in reliance upon this interpretation of state law, he argued that inasmuch as he had already served more than twenty (20) years in confinement for the offense charged, he was entitled to an immediate release from confinement. On October 18, 2010, the state trial court denied the petitioner's motion, finding (1) that "[t]he sentence imposed ... falls within the statutory guidelines recommended for this charge" and (2) that the petitioner had made "no allegations of fact, which would warrant alteration of the sentence in any way." The petitioner thereafter filed a motion for reconsideration in the state trial court, which was denied on March 30, 2011. Finally, the petitioner filed an application for supervisory review before the Louisiana Supreme Court, which application was similarly denied on

---

[1] The Court further notes that the United States Supreme Court has recently extended the rationale of the Graham decision to preclude mandatory sentences of life imprisonment to juvenile offenders, without any possibility of future release, where the offense resulted in the death of another person. See Miller v. Alabama, __ U.S. __, __ S.Ct. __, 2012 WL 2368659 (June 25, 2012).

May 20, 2011.  See State v. Hills, 63 So.3d 988 (2011).

The petitioner filed the instant application for habeas corpus relief in this Court on July 19, 2011.  There is no need for an evidentiary hearing or for oral argument.  Based on the foregoing, the Court concludes that the petitioner's application should be granted, that his judgment of conviction should be vacated, and that he should be remanded to the state trial court for re-sentencing.

In its initial response to the petitioner's claim, the State asserted that, although the petitioner had "exhausted his state court remedies with regard to the claim herein," as mandated by 28 U.S.C. § 2254(b)(1)(A), his application in this Court was nonetheless untimely pursuant to 28 U.S.C. § 2244(d).  Specifically, the State argued that because the instant habeas application was filed more than one year after the finality of the petitioner's conviction and because the Graham decision had not been made retroactively applicable to cases on collateral review under 28 U.S.C. § 2244(d)(1)(C), the petitioner's application was barred by the one-year limitations period set forth in the referenced statute.  Notwithstanding, the United States Court of Appeals for the Fifth Circuit has since issued a decision in In re Sparks, 657 F.3d 258 (5th Cir., 2011), and held that the Graham decision is in fact "made retroactive on collateral review".  Id.  Accordingly, this Court directed the State to file a supplemental response to the petitioner's application in light of In re Sparks, supra. In its Supplemental Response, the State now concedes that the instant habeas application is timely. The State argues, however, that the petitioner's application should be denied because the petitioner is essentially asserting a non-federal claim regarding the misapplication of state law.  Specifically, the State argues that, although the petitioner is clearly "entitled to a remedy" relative to his unconstitutional sentence, the remedy which he prayed for in state court and which he seeks herein -- a re-sentence to a term of 20 years at hard labor -- is a matter solely within the province of state procedural law, and the petitioner should be required to return to state court to seek such relief.

The standard for review in this Court is set forth in 28 U.S.C. § 2254.  Specifically relevant is 28 U.S.C. § 2254(d)(1), which provides that an application for a writ of habeas corpus shall not

be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See also Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. See 28 U.S.C. § 2254(d)(1)-(2); Montoya v. Johnson, 226 F.3d 399 (5th Cir. 2000), cert. denied, 532 U.S. 1067, 121 S.Ct. 2220, 150 L.Ed.2d 212 (2001). Mere disagreement with the state court is not enough: The standard is one of objective reasonableness. Montoya, supra, 226 F.3d at 404. See also Williams v. Taylor, supra, 529 U.S. at 409, 120 S.Ct. at 1521 (2000) ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). State court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Applying this standard to the petitioner's claims, the Court finds that the petitioner is entitled to relief in the nature of a re-sentencing in state court for the offense charged. The Court further concludes that the state court, in the first instance, is entitled to determine an appropriate sentence for that offense.

As above noted, the decision in Graham v. Florida makes clear that a life sentence for a juvenile offender convicted of an offense not involving loss of life is unconstitutional if the sentence provides the offender with no possibility whatever of future release. It further appears that the

petitioner's Motion to Correct an Illegal Sentence in state court was explicitly based upon the Graham decision and explicitly asserted the federal constitutional issue recognized in Graham. Thus, the federal claim was squarely presented to the state court for review. Further, inasmuch as an application of Graham to the petitioner's sentence in this case results in the unavoidable conclusion that the sentence is unconstitutional, the state court's denial of the petitioner's Motion to Correct an Illegal Sentence amounted to "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). See also Williams v. Taylor, supra (holding that relief is available to a habeas petitioner if a state court has decided a case differently than has the United States Supreme Court on a set of materially indistinguishable facts). Accordingly, upon a finding by this Court that the petitioner's sentence to life imprisonment, without the benefit of probation, parole or suspension of sentence, is unconstitutional under Graham v. Florida, the Court further finds that the sentence must be vacated and that the petitioner must be remanded to the state court for re-sentencing as set forth herein.

The State, in its Supplemental Response to the petitioner's application in this Court, contends that, inasmuch as the petitioner argued in state court that he should be re-sentenced to a term of 20 years at hard labor, and inasmuch as the Louisiana Supreme Court has now concluded that such a sentence would be inappropriate, see State v. Shaffer, 77 So.3d 939 (La. 2011) (holding that a juvenile sentenced to life imprisonment without the possibility of parole for aggravated rape should be re-sentenced to life imprisonment with the possibility of parole), the petitioner must be required to return to state court, to file a second Motion to Correct Illegal Sentence pursuant to Graham v. Florida, and to pray therein for re-sentencing in line with currently applicable state law. In the Court's view, however, this argument incorrectly confuses the issue of the petitioner's entitlement to relief, i.e., his entitlement to have the unconstitutional sentence vacated, with the issue of the relief to which he is potentially entitled, i.e., the sentence which the state court may impose upon remand. Were the Court to accept the State's argument in this regard, the petitioner

would be compelled to undertake an unreasonably repetitive and unnecessary action, through the filing of a new Motion to Correct Illegal Sentence in state court, in order to obtain the relief to which even the State concedes he is "entitled". Finally, there would exist the potential danger, not insubstantial, that the state court might deny such motion out of hand as duplicative and fail to give it proper consideration, thereby necessitating the petitioner's return to this Court for relief. Instead, the Court concludes that inasmuch as the petitioner has squarely presented his <u>Graham</u> issue to the state courts, and inasmuch as the state courts have improperly denied the petitioner any relief whatever, it is appropriate that this Court grant the petitioner relief in the form of a vacation of the unconstitutional sentence. And as in <u>Graham</u>, this Court also finds that it is appropriate for the state court to decide, in the first instance, the appropriate corrected sentence for the petitioner. Although the petitioner prays for this to Court determine, in this proceeding, that he is entitled to a sentence of 20 years at hard labor under state law and that his likely sentence of life imprisonment, with the possibility of parole, is unconstitutional, such a determination by this Court is unwarranted and would be premature. Instead, it is more appropriate that the state court be directed to re-sentence the petitioner and that, in the event that the petitioner continues to believe that his resulting sentence is violative of the United States Constitution, he may again petition the courts for review.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be granted, that his 1972 sentence of life imprisonment without the benefit of probation, parole or suspension of sentence be vacated, and that the state court be required to re-sentence the petitioner within ninety (90) days or release him from confinement.

Signed in Baton Rouge, Louisiana, on July 5, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**